McFarland, J.,
delivered the- opinion of the court.
On the 8th day of December, 1859, James A. Gaut recovered a judgment against Benj. Mosely, in the circuir court of Bedford county. During the year 1860, the complainants severally purchased tracts of land from Mosely, and took deeds, and had them duly presented and noted for registration, and, as we suppose, registered.
This bill was filed by tbe complainants to enjoin a sale of their several tracts of land under an execution issued upon said judgment, and levied in January, 1861, more than twelve months from the date of the judgment, and after the execution and registration of tbeir deeds.
The question is, whether the lien of the judgment was lost before the levy, the levy being more than twelve months from the date of the judgment. It was certainly lost, unless there be something else in tbe case.
The record shows that James A. Gaut died in March, 1860, and that tbe execution that issued in January, 1861, *305 was in the name of Robert Cannon, administrator of bis estate. It is argued that t-bis had the effect to extend the lien, or that the revivor, in the name of the administrator, was a new judgment, and that the lien extended from that time, but we think this position cannot be maintained. The lien is only given by statute, and cannot be extended by construction, and there is no such exception as to the limit of its duration. If it were a statute of limitation, which it is not, the death of the plaintiff would not affect it. The revivor is not for this purpose a new judgment.
It is said as to one of the tracts of land, Mosely only acquired title after the judgment and within the twelve months, and as to this the lien was still in force, but the record did not establish this fact. [On this point, see note 5, under section 4714 of the Code.]
The decree of the chancellor must be affirmed with costs.